IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON STEVEN MOLTHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00380 |
| ) | Judge Campbell / Frensley |
| MEREDITH CORP. and RAYCOM MEDIA, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

The Court has before it Defendants' "Motion For Clarification of Report and Recommendation" which Defendants have submitted, "not to ask that this Court change its ultimate conclusion recommending the dismissal of Plaintiff's Complaint, but simply to request that the Court clarify a few points in its Report and Recommendation ("R&R") before objections are filed by the Plaintiff and the case is sent to District Judge Campbell." Docket No. 40, p. 1. Defendants "request that this Court use its inherent power to modify the interlocutory order prior to the entry of a final order." *Id.* Defendants acknowledge that the Sixth Circuit "has observed that the 'Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders' but has provided that '[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.'" *Id., citing Winnett v. Caterpilar Inc.,* No. 3:06-0235, 2011 U.S. Dist. LEXIS 3179, at *15-16 (M.D. Tenn. Jan. 12, 2011)(Trauger, J.)(other citations omitted).

Defendants do not want this Court to change its ultimate recommendation that Plaintiff's

claims be denied and that this action be dismissed. *Id.* Instead, Defendants seek: (1) this Court's recognition of *Funk v. Scripps Media, Inc.*, a Tennessee Court of Appeals decision that was just decided on November 30, 2017; (2) this Court to reiterate the standard set forth on page 25 of its R&R on page 21; (3) this Court to "state explicitly what is implicitly stated, and that is that Plaintiff's conclusory allegations of 'actual malice' are insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12"; and (4) this Court to explicitly "dismiss any claim that Plaintiff may have attempted to state under" the tort of "public disclosure of private facts." *Id.* at 2-4.

As noted, first, Defendants ask the undersigned to modify its R&R to recognize *Funk*'s statement that the fair report privilege is not divested even in those rare cases where a showing of constitutional actual malice has been made, "*in order to ensure compliance with the law regarding the fair report privilege.*" *Id*. at 3 (emphasis added). Changing its R&R to prospectively "ensure compliance with the law regarding the fair report privilege," when the undersigned found, as a matter of law, that Plaintiff's allegations of actual malice were conclusory and failed to state a claim under Fed. R. Civ. P. 12, is not something the undersigned elects to do.

Second, Defendants ask this Court to reiterate the standard set forth on page 25 of its R&R on page 21. *Id.* As Defendants acknowledge, the "R&R at Page 25 follows the appropriate standard." *Id.* Amending the R&R so that pages 21 and 25 mirror each other serves no utility, and the undersigned declines to do so.

Third, Defendants ask this Court to "state explicitly what is implicitly stated, and that is that Plaintiff's conclusory allegations of 'actual malice' are insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12." *Id.* The undersigned explicitly and repeatedly found that

Plaintiff's allegations were conclusory and recommended that Defendants' Motion to Dismiss be granted and that this action be dismissed with prejudice. There is simply no ambiguity in the undersigned's recommendation and the undersigned declines to modify its R&R to "state explicitly what is implicitly stated, and that is that Plaintiff's conclusory allegations of 'actual malice' are insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12."

Finally, Defendants ask this Court to explicitly "dismiss any claim that Plaintiff may have attempted to state under" the tort of "public disclosure of private facts." *Id.* at 4. Again, the undersigned found that Plaintiff's allegations were conclusory and failed to state any recoverable claim; thus the undersigned recommended that Plaintiff's action be dismissed with prejudice. The undersigned declines to modify its R&R to address a claim that Plaintiff neither asserted nor established.

Having considered Defendants' Motion, the undersigned declines to modify its original R&R, and the original R&R stands.

IT IS SO ORDERED.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge