# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON STEVEN MOLTHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-00380 |
| | ) | |
| MEREDITH CORP. and RAYCOM | ) | JUDGE CAMPBELL |
| MEDIA, INC., | ) | MAGISTRATE JUDGE |
| | ) | FRENSLEY |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 38), recommending that the Court grant Defendants' Motion to Dismiss (Doc. No. 20). Plaintiff filed objections to the Report and Recommendation (Doc. No. 42); Defendants did not file a response to Plaintiff's objections.

## I.     STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.   ANALYSIS

As discussed in the Report and Recommendation, Plaintiff, proceeding pro se, alleges that Defendants committed "Libel + False Light + Privacy Invasion" against him through a series of news reports published by WSMV-TV Channel Four. Specifically, Plaintiff alleges Defendants committed these torts by: (1) reporting that he was a "convicted felon"; (2) characterizing him as a "potential and highly likely murderer and rapist"; (3) insinuating that he was a "psychopath" and/or had been diagnosed with "psychosis"; (4) displaying his photograph near the statement "76% of women who are killed by a man"; (5) being referred to as a "stalker"; (6) reporting that his accuser had "blocked" him while also reporting on the text messages and voicemail messages she stated she received; (7) characterizing Plaintiff as "being a danger" and being "on the verge of harming" others; (8) depicting Plaintiff as being "homeless" and "wandering the streets"; and (9) failing to contact Plaintiff directly to verify the information they were reporting and to get his consent to report it. (Doc. No. 1).

The Magistrate Judge determined that Plaintiff's libel claim against Defendants should be dismissed because: (1) Plaintiff's allegations are conclusory and fail to state a claim for which relief can be granted; (2) a review of the news reports, public records from the relevant criminal and civil cases against Plaintiff, and testimony from the Tennessee Senate Judiciary Committee reveals Defendants did not public the report with knowledge that any statement was false and defaming, with reckless disregard for the truth of the statements, or with negligence in failing to ascertain the truth of the statements; and (3) the news reports are subject to the fair report privilege. (Doc. No. 38 at 24). The Magistrate Judge determined that Plaintiff's false light claim against Defendants also should be dismissed because: (1) Plaintiff's allegations are conclusory; and (2) "the news reports at issue simply did not portray Plaintiff in a false light." (*Id.*).

Plaintiff filed various objections to the Report and Recommendation, only two of which the Court considers specific objections to the Magistrate Judge's findings and will address. First, Plaintiff objects to the characterization that his allegations were "conclusory," arguing that he "supplies ample evidence and reasoning to explain how exactly and why exactly the Defendant is liable for damages resulting from their defamatory reports." (Doc. No. 42 at 2). Second, Plaintiff objects to the Magistrate Judge's finding that Defendants are protected by the fair report privilege in relying on public records that show Plaintiff pled guilty to two counts of aggravated stalking and one count of harassment, had an Order of Protection entered against him, and is currently on probation. Plaintiff argues the public records reveal he is "NOT CONVICTED," and therefore, Defendants' characterization of Plaintiff as a "convicted felon" is inaccurate.

With respect to Plaintiff's first objection, even assuming his allegations went beyond mere conclusions, Plaintiff still fails to establish a *prima facie* case of defamation. As the Magistrate Judge correctly held, a review of the pleadings reveals that Defendants did not publish the news reports with knowledge that any statement was false and defaming, with reckless disregard for the truth of the statements, or with negligence in failing to ascertain the truth of the statements. Plaintiff additionally fails to establish a *prima facie* case of false light invasion of privacy because a review of the pleadings reveals that the news reports do not portray Plaintiff in a false light or that Defendants had knowledge of or acted in reckless disregard as to the falsity of the contents in the news reports. Accordingly, the Magistrate Judge was correct in finding that Plaintiff's libel and false light invasion of privacy claims fail as a matter of law.

With respect to Plaintiff's second objection, the Court finds that Plaintiff's distinction between being "convicted" and "pleading guilty" to later receive a deferred conviction is immaterial for purposes of this case. Defendants' news reports were a fair and accurate summation

or "gist" of Plaintiff's court records and testimony from the Tennessee Senate Judiciary Committee. Therefore, the Magistrate Judge correctly determined the news reports fell within the fair report privilege. *See Smith v. Reed*, 944 S.W.2d 623, 625 (Tenn. Ct. App. 1996) ("Comparison of the testimony and article demonstrates that the newspaper conveyed the gist of the courtroom proceedings. This type of basically accurate and balanced coverage is protected by the fair reporting privilege.").

Having conducted a *de novo* review of the Magistrate Judge's determinations and Plaintiff's objections, the Court concludes that Plaintiff's objections are without merit, and the Report and Recommendation should be adopted. Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE